IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATSY MILLS AND ROLAND MILLS, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | (State Cause No. 2014-45448) |
| JOSE MORALES AND DAT TRUCK | § | |
| LINES, INC., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS DAT TRUCK LINES, INC.'S AND JOSE MORALES'S
### NOTICE OF REMOVAL

Defendant DAT Truck Lines, Inc. ("DAT") and Jose Morales ("Morales") (collectively, "Defendants") file this Notice of Removal and hereby remove the civil action filed against them by Patsy Mills and Roland Mills ("Plaintiffs") to the United States District Court for the Southern District of Texas, Houston Division, pursuant to the provisions of 28 U.S.C. § 1441 *et seq.,* on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court:

### I.    FACTS

1.    On August 7, 2014, State Farm Mutual Automobile Insurance Company, as subrogee of Roland Mills, commenced a civil action against Defendant DAT in the 164th Judicial District Court of Harris County, Texas, which was assigned Cause No. 2014-45448. (*See* Plaintiff's Original Petition, attached hereto as **Exhibit B**, hereinafter referred to as "State Farm's Original Petition").[1] This suit arose from an automobile accident, which occurred on July 9, 2013, involving Jose Morales, a former driver for DAT Truck Lines, Inc., Roland and Patsy

---

[1] The Index of Matters Being Filed is Exhibit A to this Notice of Removal.

Mills, and Louis and Marchel Caldwell and their four children.

2.      Louis and Marchel Caldwell filed a separate lawsuit against Defendants DAT and Morales, which is now pending in the Southern District of Texas and was assigned Civil Action No. 4:15-cv-00404.

3.      In the lawsuit filed by State Farm, State Farm, as subrogee of its insured (Roland Mills), sought to recover monies it paid for damage sustained to Roland Mills' vehicle in the accident, pursuant to an insurance policy with Mr. Mills. According to State Farm, Roland Mills' vehicle sustained property damage totaling $10,667.87. *See* **Exhibit B ¶¶** 12-13. State Farm asserts that it paid for the property damage and was subrogated to that amount pursuant to its insurance policy with Mr. Mills. *Id.*   Thus, the sole basis of this case was alleged property damage to the vehicles involved in the accident. *Id.*

4.      On October 29, 2014, Defendant DAT filed its original answer. (*See* Defendant DAT Truck Lines, Inc.'s Original Answer, attached hereto as **Exhibit C**, hereinafter referred to as "DAT's Original Answer").

5.      On November 24, 2014, Defendant DAT filed its Original Third-Party Petition against Patsy Mills. (*See* DAT Truck Lines, Inc.'s Original Third-Party Petition Against Patsy Mills, attached hereto as **Exhibit D**, hereinafter referred to as "DAT's Original Third-Party Petition"). DAT asserted that Patsy Mills attempted to enter the lane in which its driver, Jose Morales, was traveling, which resulted in a collision and caused extensive damage to DAT's tractor.

6.      The state court docket control order was entered on December 10, 2014. (*See* State Court Docket Control Order, attached hereto as **Exhibit E**).

7.      On January 22, 2015, Patsy Mills filed her original answer. (*See* Third-Party

Defendant Patsy Mills' Original Answer and Request for Disclosure, attached hereto as **Exhibit F**, hereinafter referred to as "Patsy Mills' Original Answer").

8.      On June 11, 2015, Patsy Mills and Roland Mills filed a Petition in Intervention against Jose Morales and DAT Trucking Lines, Inc.[2] (*See* Petition in Intervention, attached hereto as **Exhibit G**). In their Petition in Intervention, the Millses sought personal injury damages for physical pain, mental anguish, medical expenses, loss of earnings and earning capacity, disfigurement, and physical impairment. (*See* **Exhibit G** at 4-5).

9.      On August 31, 2015, Defendants DAT and Jose Morales filed their Original Answer to the Petition and Intervention and Motion to Strike Petition in Intervention. (*See* Original Answer to Petition in Intervention and Motion to Strike Petition in Intervention, attached hereto as **Exhibit H**).

10.     State Farm and DAT reached an agreement to resolve the original lawsuit. DAT elected to not pursue its claim for property damages against Patsy Mills.

11.     On September 11, 2015, the state court held an oral hearing on Defendants' Motion to Strike the Petition in Intervention. The court denied the Motion to Strike. However, the court severed the claims of Patsy and Roland Mills in their Petition in Intervention for alleged personal injury damages from the claims of State Farm (as subrogee of Roland Mills) for alleged property damages. (*See* Docket Text Regarding Hearing on 9/11/2015, attached as **Exhibit I**).[3] Accordingly, the remaining claims in the state court proceeding only relate to the Millses' claims for alleged personal injuries resulting from the accident at issue.

12.     This case first became removable on September 11, 2015, when the state court

---

[2] The proper entity is DAT Truck Lines, Inc.
[3] The state court has not yet entered a written order, but ruled orally at the hearing that the claims in the Petition in Intervention were severed from the claims asserted in State Farm's Original Petition and noted such on the state court docket sheet.

severed the claims in the Petition in Intervention.

13.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), as Defendants filed their notice of removal within thirty days after notice to Defendants of an order from which it was first ascertained that the case is one which has become removable.

14.     No further proceedings have been had in the state court action.

15.     Venue of this removal is proper under 28 U.S.C. § 1446. This removal is effected pursuant to 28 U.S.C. § 1446(a) and (b), in that the present case is a civil action of which the district courts of the United States have original jurisdiction, and is being removed by Defendants from state court to the federal court for the district and division embracing the place in which the removed action was pending.

## II.     Legal Argument and Authorities

16.     For the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.  Complete Diversity of Citizenship Exists Between the Parties.**

17.     There is complete diversity as between the plaintiffs and defendants. Upon information and belief, Plaintiffs were, at the time of the filing of the state court action, and remain, United States citizens and domiciliaries of the State of Texas. Plaintiffs state in their Petition in Intervention that they are residents of Fort Bend County, Texas. (Exhibit G at 2).  The accident report also indicates that Plaintiffs reside in Missouri City, Texas.

18.     Plaintiffs state in their Petition in Intervention that Defendant Jose Morales "is a resident of California and a nonresident of Texas[.]" (Exhibit G at 2). (*See also* Declaration of

Noi Le ¶ 4, attached hereto as Exhibit J).

19.     Defendant DAT was, at the time of the filing of the state court action, and remains, incorporated in the State of California with its principal place of business located in California. (*See* Declaration of Noi Le ¶¶ 2-3, attached hereto as Exhibit J). Therefore, DAT is a citizen of California for purposes of determining diversity. 28 U.S.C. § 1332 (c)(1). Thus, complete diversity exists in this case.

**B.  <u>The Amount in Controversy Requirement is Satisfied.</u>**

20.     28 U.S.C. § 1332(a) authorizes removal in which, among other factors, the amount in controversy exceeds $75,000, exclusive of interest and costs.

21.     While DAT denies the validity and merit of Plaintiffs' claims, given the damages that flow from their claims (assuming them to be accurate for purposes of this removal only), the amount in controversy in this action exceeds the jurisdictional minimum.

22.     Plaintiffs expressly state in their Petition in Intervention that they are seeking monetary relief of over $1,000,000. (Exhibit G at 6).

23.     Plaintiffs' claim for damages exceeds $75,000, exclusive of interest and costs. Their claims therefore satisfy the amount-in-controversy requirement. Accordingly, this Court has original jurisdiction over Plaintiffs' claims.

24.     Pursuant to S.D. Tex. Local R. 81, this Notice of Removal is accompanied by copies of the following:

a)  An Index of Matters being Filed (Exhibit A);

b)  State Farm's Original Petition (Exhibit B);

c)  DAT's Original Answer to State Farm's Original Petition (Exhibit C)

d)  DAT's Original Third Party Petition (Exhibit D)

e)  State Court Docket Control Order (Exhibit E)

f)  Patsy Mills' Original Answer (Exhibit F)

g)  Petition in Intervention (Exhibit G)

h)  Original Answer to Petition in Intervention and Motion to Strike (Exhibit H)

i)  Docket Text Regarding Hearing on 9/11/2015 (Exhibit I)

j)  Declaration of Noi Le (Exhibit J)

k)  All Executed Process in the Case (Exhibit K);

l)  State Court Docket Sheet (Exhibit L)

m) List of all Counsel of Record (Exhibit M).

25.     Defendants will file promptly a copy of this Notice of Removal with the clerk of the state court in which the action has been pending.

26.     This Notice of Removal has been served on all named parties to the removed case.

## III.   CONCLUSION

Complete diversity exists between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332. Defendants accordingly pray that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in state court pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

/s/ Barham Lewis
Barham Lewis, #12277400
barham.lewis@ogletreedeakins.com
Angela Prince, #24074918
angela.prince@ogletreedeakins.com
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
713.655.0855 (phone)
713.655.0020 (fax)

ATTORNEYS FOR DEFENDANTS
DAT TRUCK LINES, INC. AND JOSE
MORALES

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true copy of the foregoing has been forwarded by a method prescribed by the Federal Rules of Civil Procedure on this 12th day of October, 2015, to:

Loren G. Klitsas
klitsas@kv-law.com
Jared W. Capps
capps@kv-law.com
Klitsas & Vercher, PC
550 Westcott – Suite 570
Houston, Texas 77007
**ATTORNEYS FOR PLAINTIFFS ROLAND AND PATSY MILLS**

/s/ Barham Lewis
Barham Lewis