# Exhibit B

Cause No. _____

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AS SUBROGEE OF ROLAND MILLS,<br>*Plaintiff*, | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | ____ JUDICIAL DISTRICT |
| DAT TRUCK LINES, INC.,<br>*Defendant*. | §<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AS SUBROGEE OF ROLAND MILLS and complains of Defendant DAT TRUCK LINES, INC., and for cause of action would show the Court as follows:

### I. DISCOVERY

1. Pursuant to Rules 190.1 and 190.2 of the *Texas Rules of Civil Procedure*, notice is hereby given to the Court and the parties that the discovery to be completed in this case is intended to be conducted under Level One of the stated rule.

### II. PARTIES, JURISDICTION, VENUE, AND RULE 47 DISCLOSURE

2. Plaintiff is an insurance company doing business in the State of Texas.

3. Defendant DAT TRUCK LINES, INC., (hereinafter "DAT TRUCK LINES") is a California corporation doing business in the State of Texas, which had an employee commit a tort in Texas and has not designated a resident agent for service of process. Therefore, Defendant DAT TRUCK LINES may be served with process by serving its Registered Agent for service in California: Noi Nhu Le, 10758 Calabash Avenue, Fontana, California 92337.

4. The vehicle insured by Plaintiff was a 2008 Nissan Titan, bearing vehicle identification number 1N6BA07D98N336319.

5. Venue of this suit is proper in Harris County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because the loss to the named Plaintiff occurred in Harris County, Texas.

6. The Court has jurisdiction over Defendant pursuant to section 17.042 of the Texas Civil Practice and Remedies Code because Defendant conducted business in the State of Texas and committed a tort in whole or in part in the State of Texas. The Court has jurisdiction over the

controversy because the damages sued for are within the jurisdictional limits of this Court.

7.      Pursuant to TRCP 47(c)(1), Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### III.     FACTS

8.      On or about July 9, 2013, Patsy Mills, driving a vehicle owned by Roland Mills with permission, was traveling westbound in the far right lane in the 23500 block of Katy Freeway near the intersection of Katy Freeway and the Grand Parkway toll road in Houston, Harris County, Texas. Defendant's employee Jose Morales, acting within the course and scope of his employment with Defendant DAT Truck Lines and driving a vehicle owned by Defendant DAT Truck Lines, was traveling directly behind Mills in the same direction. Defendant's employee Jose Morales failed to control the speed of his vehicle and rear-ended Mills' vehicle, causing both the accident and the damages complained of herein. Defendant's employee was negligent in the operation of his vehicle. Defendant's employee's negligence is the sole proximate cause of the damages alleged herein.

### III.     CAUSE OF ACTION AGAINST DEFENDANT FEDEX GROUND
#### Respondeat Superior

9.      Plaintiff alleges that upon the occasion in question, Defendant's employee Jose Morales was guilty of negligence in at least the following ways:

   a.   failing to control the speed of one's vehicle;
   b.   following too closely;
   c.   failing to timely apply brakes to avoid an accident;
   d.   failing to take evasive action to avoid an accident;
   e.   taking faulty evasive action;
   f.   failing to keep a proper lookout;
   g.   driver inattention; and
   h.   otherwise failing to use due care.

10.     In addition to Defendant's employee's common-law duties, Defendant's employee also violated various sections of the Texas Transportation Code:

   § 545.062(a)   failing to maintain a safe distance between two vehicles; and
   § 545.351      reckless driving.

11.     Plaintiff would show that the Defendant DAT Truck Lines is subject to vicarious liability for the conduct of its employee, Jose Morales, due to Defendant's employee's negligence while acting within the scope and authority of his employment with Defendant DAT Truck Lines.

Specifically, Defendant DAT Truck Lines is subject to liability as follows:

    a.    Defendant's employee is guilty of negligence and committed the tort which is the subject of this action as described herein. As a direct and proximate result of Defendant's employee's negligence, Plaintiff suffered damages;

    b.    The driver of the DAT Truck Lines-owned vehicle and/or trailer was an employee of DAT Truck Lines; and

    c.    At the time of the commission of the tort, Defendant's employee was working within the scope and authority of his employment with and for the benefit of Defendant DAT Truck Lines.

12. Plaintiff would show that the conduct of Defendant's employee constitutes negligence as set forth above, and as a direct and proximate cause of the negligent actions of Defendant's employee, Plaintiff suffered damages to its real and/or personal property. Defendant DAT Truck Lines is vicariously liable for these damages in an amount within the jurisdictional limits of the Court.

## VI.  DAMAGES

13. As a result of Defendants' negligence, State Farm's insured, Roland Mills, sustained damages in the amount of $10,667.87. State Farm, as Roland Mills' insurer, has paid his damages in the amount of $10,667.87 and is subrogated to that amount pursuant to its insurance policy. State Farm is the real party in interest up to the subrogated amount. Plaintiff hereby asserts its claim for reimbursement of damages sustained by it against Defendant. All conditions precedent to Plaintiff's recovery have been performed or have occurred as required.

## VII.  DISCOVERY REQUESTS

14. Under the authority of Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2. Further, Plaintiff requests the Defendants respond to Plaintiff's Requests for Production, Interrogatories, and Requests for Admissions, which are attached to this petition. Responses to Plaintiff's discovery requests shall be in writing and returned to counsel for Plaintiff at 2701 N. Dallas Parkway, Suite 570, Plano, Texas 75093 within fifty (50) days from the service of this petition.

## PRAYER

Wherefore, Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AS SUBROGEE OF ROLAND MILLS, respectfully requests that Defendant DAT TRUCK LINES, INC., be cited to appear and answer herein and that after final trial, Plaintiff recover:

1. A judgment against Defendant for actual damages in the amount of $10,667.87;

2. A judgment against Defendant for pre- and post-judgment interest as allowed by law;

3. A judgment against Defendant for all court costs incurred by Plaintiff; and

4. A judgment for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CARPENTER & SCHUMACHER, P.C.**

By: _____
**Nicholas D. Messina**
State Bar No. 24073488
Parkway Centre IV, Suite 570
2701 North Dallas Parkway
Plano, Texas 75093
Phone: (972) 403-1133
Fax: (972) 403-0311
nmessina@subrogatelaw.com
*ATTORNEYS FOR PLAINTIFF*

## REQUEST FOR PRODUCTION TO DEFENDANT DAT TRUCK LINES, INC.

**REQUEST NO. 1:**
A copy of any and all citations and/or tickets Defendant's employee received as a result of the incident forming the basis of this lawsuit.
**RESPONSE:**

**REQUEST NO. 2:**
Any and all photographs, videos, and/or electronic images that you have of the Incident, the site of the Incident, or the vehicles involved in the Incident.
**RESPONSE:**

**REQUEST NO. 3:**
Please produce copies of any and all dispatch records for the truck involved in the Incident for July 9, 2013.
**RESPONSE:**

**REQUEST NO. 4:**
Any and all data recorded by an electronic data recorder, ECM device, or other similar device, from the truck driven by Jose Morales on the day of the incident forming the basis of this lawsuit.
**RESPONSE:**

**REQUEST NO. 5:**
Please provide a copy of all statements, photographs and any other documents produced by Defendant Roly's Trucking Company during its investigation into this accident. If you allege that documents exist which are responsive to this request but are privileged, please identify the document you believe to be privileged and the applicable privilege which you allege applies to the document.
**RESPONSE:**

**REQUEST NO. 6:**
Please produce copies of any and all driver call-in records and dispatch records for the truck involved in the Incident for July 9, 2013.

**RESPONSE:**

**REQUEST NO. 7:**
Please produce all inspection records for the DAT Truck Lines, Inc.-owned truck involved in the incident for the one-year prior to the incident forming the basis of this lawsuit.
**RESPONSE:**

**REQUEST NO. 8:**
Please produce any and all documents upon which you base your contention that the incident made the basis of this lawsuit was caused or contributed by the negligence of a third party for whom you are not responsible.
**RESPONSE:**

**REQUEST NO. 9:**
Please produce all training materials used by Defendant DAT Truck Lines, Inc. to train its employees on the safe and proper operation and maintenance of a tractor trailer.
**RESPONSE:**

**REQUEST NO. 10:**
Please produce any and all correspondence, email (stored or deleted), notes, memoranda, and/or other similar document, exchanged between Defendant DAT Truck Lines, Inc. and Jose Morales regarding, referencing and/or pertaining to the incident made the basis of this lawsuit.
**RESPONSE:**

**REQUEST NO. 11:**
Please produce Defendant DAT Truck Lines, Inc. entire employee or personnel file for Jose Morales.
**RESPONSE:**

**REQUEST NO. 12:**
Please produce a copy of the post-collision drug/alcohol report for Jose Morales.
**RESPONSE:**

**REQUEST NO. 13:**
Please produce a copy of all driver logs maintained for the Defendant DAT Truck Lines, Inc. truck involved in the subject accident for the day prior to the Incident and the day of the Incident.
**RESPONSE:**

**REQUEST NO. 14:**
Pursuant to Rule 609, Texas Rules of Civil Evidence, if you intend or may use evidence at the trial of this case concerning any conviction of any crime committed by (1) any party; (2) any party's designated expert witnesses; (3) and/or persons listed by any party as having knowledge of relevant facts in response to any interrogatories propounded by any party in this case, please provide any and all documentation indicating any such conviction, including documents showing the specific crime and date of said crime for which you intend or may impeach such person.

**RESPONSE:**

**REQUEST NO. 15:**
Please produce all treatises, periodicals and pamphlets that you may offer or use in the trial of this cause under Rule 803(18) of the Texas Rules of Evidence.
**RESPONSE:**

**REQUEST NO. 16:**
For the truck involved in the Incident, please produce any and all pre-trip inspection reports for the month prior to the Incident as well as the morning of the incident.
**RESPONSE:**

**REQUEST NO. 17:**
Please produce a copy of Jose Morales' application for employment with Defendant DAT Truck Lines, Inc.
**RESPONSE:**

**REQUEST NO. 18:**
Please produce a copy of the results of all drug and alcohol tests Jose Morales was subject to while an employee of Defendant DAT Truck Lines, Inc.
**RESPONSE:**

## INTERROGATORIES TO DEFENDANT DAT TRUCK LINES, INC.

**INTERROGATORY NO. 1:**
Please state the name, home address, driver's license number and telephone number for all persons assisting in or providing answers to any of Plaintiff's discovery requests to Defendant Harden.
   **ANSWER:**

**INTERROGATORY NO. 2:**
Identify all insurance policies relevant to this suit.
   **ANSWER:**